UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/2021

VALENTINO NAPOLITANO,

               Plaintiff,

-against-

TEACHERS COLLEGE, COLUMBIA UNIVERSITY,

               Defendant.

1:19-cv-09515 (MKV)

**OPINION AND ORDER**

MARY KAY VYSKOCIL, United States District Judge:

      This case was assigned to me on February 5, 2020 and comes before the Court on a motion to dismiss. On November 15, 2019, Plaintiff Valentino Napolitano filed a Complaint [ECF No. 1] alleging violations of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Administrative Code of the City of New York, §§ 8-101 *et seq.* ("NYCHRL"). Plaintiff's Complaint alleged that he was retaliated against for reporting his supervisor's alleged discriminatory conduct. Plaintiff filed an Amended Complaint [ECF. No. 19] on March 20, 2020, and now asserts only a Title VII claim.[1]

      On April 17, 2020, Defendant Teachers College, Columbia University ("Defendant" or "Teachers College") filed a motion to dismiss (Teachers College Mot. [ECF 22]), along with a supporting memorandum (Teachers College Mem. [ECF No. 24]). Plaintiff filed an opposition (Pl.'s Mem. [ECF No. 27]). Teachers College subsequently filed a reply (Teachers College Reply [ECF No. 30]). After reviewing the parties' submissions, the Court concludes it must dismiss the case.

---

[1] Although Plaintiff states he "brings this action" under Title VII and the NYCHRL, Am. Compl. ¶ 1, he brings only a single cause of action under Title VII, and the prayer for relief seeks damages by reason of a Title VII violation only. Am. Compl. ¶ 72–79. Thus, the Court does not consider the NYCHRL.

1

**FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff's Amended Complaint (Am. Compl. [ECF No. 19]), and are assumed true "for the purposes of a motion to dismiss." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant Teachers College is a graduate school of Columbia University, located in New York, New York. Am. Compl. ¶ 11. In August 2014, Plaintiff was contacted by Defendant's then-Assistant Vice President of Facilities Susan Joblanski ("Joblanski") regarding an available steamfitter position. *Id.* ¶ 14. Thereafter, Joblanski hired Plaintiff as a steamfitter and placed him under the direct supervision of Defendant's Vice President of Facilities, Brian Alford ("Alford"). *Id.* Plaintiff's employment officially commenced on September 16, 2014. *Id.* ¶ 15.

Plaintiff alleges that on June 29, 2016, he overheard Joblanski make age-based discriminatory statements about fellow employees. *Id.* ¶¶ 16–18. Plaintiff reported these statements to Shop Steward Waverly Cannady, and Defendant's Human Resources Department documented the complaint. *Id.* ¶¶ 18–19. Upon learning of Plaintiff's complaint, Joblanski confronted Plaintiff and informed him that his "employment would not last if he continued such behavior." *Id.* 20. Plaintiff reported this incident at a July 13, 2016 meeting with Defendant's Diversity Affairs Representative. *Id.* ¶ 21.

After reporting the allegedly discriminatory statements, Plaintiff claims that Joblanski directed Alford to retaliate against him. *Id.* ¶ 22. Plaintiff alleges that, from the period of August 1, 2016, until his eventual termination on March 19, 2018, Alford engaged in a series of retaliatory actions intended to punish Plaintiff for his complaints, namely: depriving Plaintiff of

the opportunity to work overtime hours,[2] threatening to suspend Plaintiff for "unsubstantiated allegations of insubordination;"[3] requiring Plaintiff "to perform duties outside the scope of his employment;"[4] assigning Plaintiff dangerous tasks without proper safety protocols;[5] and requiring Plaintiff to "provide additional timesheets," that were not required of other workers.[6] On September 21, 2017, Plaintiff was suspended after Alford accused him of insubordination stemming from work orders that Plaintiff claims compromised his "health and safety." *Id.* ¶ 61. Alford again accused Plaintiff of insubordination[7] on November 17, 2017, and on December 13, 2017, Plaintiff was suspended. *Id.* ¶¶ 62–63. On March 12, 2018, Defendant "decided to conduct an investigatory meeting to determine the false accusations of insubordination against" Plaintiff. *Id.* ¶ 68. At the conclusion of this meeting, Plaintiff declined to sign the investigatory report claiming that the allegations it contained were falsified. *Id.* ¶ 69. Plaintiff was terminated on March 19, 2018. *Id.* ¶ 70.

## LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "'accept[] all of the complaint's factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor.'" *Siegel v. HSBC North America Holdings, Inc.*, 933 F.3d 217, 222 (2d Cir. 2019) (quoting *Giunta v. Dingman*, 893 F.3d 73, 78–79 (2d Cir. 2018)). "To

---

[2] Alford allegedly denied Plaintiff previously agreed upon overtime hours and deprived him of overtime opportunities despite his seniority. Am. Compl. ¶¶ 25, 54.

[3] These "unsubstantiated allegations" include failure to follow work orders and refusal to follow work instructions. Am. Compl. ¶ 38.

[4] Plaintiff alleges that Alford assigned him "HVAC tasks despite his title as steamfitter." Am. Compl. ¶ 58.

[5] Plaintiff claims Alford assigned him a project involving an "active steam system" and because Alford failed to provide critical information related to the project, Plaintiff "practically burned . . . [his] face." Am. Compl. ¶ 29.

[6] Plaintiff claims these additional timesheets were unreasonable, duplicative, and amounted to disparate treatment. Am. Compl. ¶ 37.

[7] Plaintiff claims that this false allegation of insubordination related to his "alleged[] failure to complete a work order." Am. Compl. ¶ 62.

survive a motion to dismiss," the plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## **DISCUSSION**

A claimant seeking relief for retaliation under Title VII is required to plead facts plausibly tending to show that: (1) he "participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging" him; and (3) "a causal connection between the protected activity and the adverse action" exists. *Patane v. Clark*, 508 F.3d 106, 115 (2d Cir. 2007) (citing *Feingold v. New York*, 366 F. 3d 138, 156 (2d Cir. 2004). Protected activity under Title VII must relate to the certain delineated "classes" that Title VII protects. *See Galanis v. Harmonie Club of NY*, 2014 U.S. Dist. LEXIS 3001, at * 19 (S.D.N.Y. Jan. 10, 2014). "[F]or a retaliation claim to survive . . . a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants discriminated—or took an adverse employment action—against him, (2) "because" he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015).

Plaintiff alleges that he engaged in protected activity (1) when he submitted an age discrimination complaint against Jablonski, and (2) "when he filed personal complaints and grievances regarding Alford's retaliation." Am. Compl. ¶ 76.

Title VII's protected classes are "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. The plain text of the statute makes clear that retaliation for purposes of Title VII pertains only to complaints about the protected classes, which does not include age. *See* 42 U.S.C. § 2000e-2 ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful

employment practice *by this title*.") (emphasis added).  In its Reply, Defendant appears to concede that "the only instance of protected activity alleged in this litigation occurred in June 2016," when Plaintiff lodged the age-based discrimination complaint.  Def. Reply at 5.  But by the letter of the law, age-based complaints are not protected activity under Title VII.

Construing Plaintiff's other complaints and grievances in the light most favorable to Plaintiff, nothing else alleged comes close to protected activity on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  At every turn, Plaintiff fails to make out a Title VII claim upon which relief can be granted.  However, Defendant does not move to dismiss on the basis of this error.

Under Federal Rule of Civil Procedure 12(b)(6), this Court may *sua sponte* dismiss a complaint if it lacks an arguable basis in law.  *See Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991); *Ideyi v. State Univ. of N.Y. Downstate Med. Cntr.*, No. 09-cv-1490, 2010 U.S. Dist. LEXIS 106370, 2010 WL 3938411, at *7 (E.D.N.Y. Sept. 30, 2010) ("A district court's ability *sua sponte* to dismiss a complaint that lacks a basis in law or fact is well-established.").  "[A] district court may dismiss claims *sua sponte* for failure to state a claim, at least so long as the plaintiff had notice and an opportunity to be heard on the issue."  *First Capital Asset Mgmt., Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 580 (S.D.N.Y. 2002).  In his opposition, Plaintiff, who is not appearing *pro se*, explicitly argued incorrectly that the initial complaint was protected under Title VII.  Pl. Opp. at 13–14 (stating the "initial complaint was due to age discrimination taking place at the Defendant's worksite.  This is clearly protected under Title VII.").  Plaintiff had an opportunity to be heard on whether age-based complaints constitute protected activity under Title VII, and argues that the Defendant retaliated against him because of the age-based complaint he lodged.

This case is similar to a recent case in the Northern District of New York. In *Giblin v. Le Moyne Coll.*, the court *sua sponte* dismissed a New York Human Rights Law ("NYHRL") retaliation case for failure to state a claim upon which relief could be granted. 2021 U.S. Dist. LEXIS 37235, at *41–42 (N.D.N.Y. Mar. 1, 2021). There, plaintiff argued that a college retaliated against her for requesting a reasonable accommodation. *Id.* at *41. The court *sua sponte* dismissed under Rule 12(b)(6) because "requesting an accommodation is not protected activity under the NYHRL." *Id.* at *42. "Although the parties [had] not briefed th[at] precise issue, they [] addressed the question of whether requesting an accommodation is a protected activity, with Plaintiff arguing that it is." *Id.* at *43.

Similarly, Plaintiff's claim as plead here is fundamentally incognizable as a matter of law. Title VII does not cover age-based discrimination. 42 U.S.C. § 2000e(a)(1); *Bornholdt v. Brady*, 869 F.2d 57, 62 (2d Cir. 1989); *Spires v. Metlife Grp., Inc.*, 2019 U.S. Dist. LEXIS 160181, at *18 (S.D.N.Y. Sept. 18, 2019); *Galanis*, 2014 U.S. Dist. LEXIS 3001, at * 19; *Grey v. City of Norwalk Bd. Of Educ.*, 304 F. Supp. 2d 314, 322 (D. Conn 2004). In his opposition to Defendant's Motion to Dismiss, Plaintiff incorrectly maintained that complaining about age-based discrimination is a protected activity under Title VII. Pl. Opp. at 13–14. Plaintiff has been heard, but he is wrong. The Court cannot sustain this action. Jurisdiction is based on an alleged federal question. While Plaintiff does not plead a claim under state law, the Amended Complaint says it is brought under the NYCHRL, in addition to Title VII, and that this Court has supplemental jurisdiction. Am. Compl. ¶ 3. Having found that Plaintiff fails to state a claim for relief under federal law, the Court declines to exercise supplemental jurisdiction over any state law claim. Accordingly, the Court dismisses Plaintiff's claim without prejudice. If Plaintiff intends to seek leave to amend, he must do so on or before October 29, 2021.

**SO ORDERED.**

**Date: September 28, 2021**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**